**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Steven Cross, | No. CV-19-01801-PHX-SMB |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

At issue is the denial of Plaintiff Steven Cross's Application for Disability Insurance benefits by the Social Security Administration ("SSA") under the Social Security Act ("the Act"). Plaintiff filed a Complaint (Doc. 1) with this Court seeking judicial review of that denial, and the Court now addresses Plaintiff's Opening Brief (Doc. 10, "Pl. Br."), Defendant SSA Commissioner's Answering Brief (Doc. 11, "Def. Br."), and Plaintiff's Reply (Doc. 12, "Reply"). The Court has reviewed the briefs and Administrative Record (Doc. 8, "R.") and now affirms the Administrative Law Judge's ("ALJ") decision (R. at 472–94).

## I.     BACKGROUND

On November 4, 2013, Plaintiff filed an application for Disability Insurance benefits alleging disability beginning July 31, 2013. (*Id*. at 10.) Plaintiff's claim was denied initially on March 28, 2014, and on reconsideration on October 14, 2014. (*Id*.) Plaintiff appeared before the ALJ for a hearing on his claim on March 14, 2016. (*Id*.) On April 19, 2016, the

1   ALJ denied Plaintiff's claim. (*Id*. at 20.)

2       Plaintiff then sought judicial review of the ALJ's decision. On August 3, 2018, the

3   Honorable Steven P. Logan of the United States District Court for the District of Arizona

4   vacated the ALJ's decision and remanded Plaintiff's case for a new hearing. (*Id*. at 528–

5   36.). In his decision Judge Logan found that the ALJ erroneously rejected certain medical

6   opinions in the record because the ALJ failed to identify specific objective evidence that

7   undermined those opinions. (*Id*. at 532–33.) However, Judge Logan also concluded that

8   the ALJ appropriately discounted Plaintiff's symptom testimony. (*Id*. at 534–35.) Plaintiff

9   did not appeal this decision. On September 5, 2018, the Appeals Council remanded

10  Plaintiff's case to the ALJ for a new hearing consistent with Judge Logan's decision. (*Id*.

11  at 539.) On February 6, 2019, Plaintiff appeared for a second hearing before the ALJ, and

12  on March 5, 2019, the ALJ again denied Plaintiff's claim. (*Id*. at 475–87.) The ALJ's

13  second opinion is the subject of Plaintiff's appeal. (Pl. Br. at 2.)

14      The Court has reviewed the medical evidence and will discuss the pertinent

15  evidence in addressing the issues raised by the parties. Upon considering the medical

16  evidence and opinions, the ALJ evaluated Plaintiff's disability based on the following

17  severe impairments: degenerative disc disease; right ankle degenerative joint disease;

18  obesity; and gouty arthritis. (*Id*. at 478.)

19      Ultimately, the ALJ evaluated the medical evidence and testimony and concluded

20  that Plaintiff was not disabled from July 31, 2013, through June 30, 2016. (*Id*. at 486.) The

21  ALJ found that Plaintiff "did not have an impairment or combination of impairments that

22  met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404,

23  Subpart P, Appendix 1." (*Id*. at 478–79.) Next, the ALJ calculated Plaintiff's residual

24  functional capacity ("RFC"), finding:

25      [Plaintiff] had the [RFC] to perform medium work . . . except [Plaintiff] could
        never climb ladders, ropes or scaffolds and only occasionally climb ramps
26      and stairs, he could only occasionally balance, stoop, crouch, kneel and
        crawl. [Plaintiff] could frequently reach overhead bilaterally and he could
27      tolerate no more than occasional exposure to hazards including dangerous,
        high and exposed heights and moving machinery with mechanical parts.
28

(*Id*. at 481.) Accordingly, the ALJ found Plaintiff "was capable of performing past relevant work as an aircraft engine mechanic and airframe and power plant mechanic." (R. at 486.)

## II.    LEGAL STANDARDS

In determining whether to reverse an ALJ's decision, the district court reviews only those issues raised by the party challenging the decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001). The Court may set aside the Commissioner's disability determination only if it is not supported by substantial evidence or is based on legal error. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is relevant evidence that a reasonable person might accept as adequate to support a conclusion considering the record as a whole. *Id.* To determine whether substantial evidence supports a decision, the Court must consider the record as a whole and may not affirm simply by isolating a "specific quantum of supporting evidence." *Id.* Generally, "[w]here the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (citations omitted).

To determine whether a claimant is disabled for purposes of the Act, the ALJ typically follows a five-step process. 20 C.F.R. § 404.1520(a). The claimant bears the burden of proof on the first four steps, but the burden shifts to the Commissioner at step five. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). At the first step, the ALJ determines whether the claimant is presently engaging in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i). At step two, the ALJ determines whether the claimant has a "severe" medically determinable physical or mental impairment. 20 C.F.R. § 404.1520(a)(4)(ii). At step three, the ALJ considers whether the claimant's impairment or combination of impairments meets or medically equals an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Part 404. 20 C.F.R. § 404.1520(a)(4)(iii). If so, the claimant is automatically found to be disabled. *Id.* At step four, the ALJ assesses the claimant's RFC and determines whether the claimant is still capable of performing past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). If not, the ALJ proceeds to the fifth and final step, where

1    she determines whether the claimant can perform any other work in the national economy

2    based on the claimant's RFC, age, education, and work experience. 20 C.F.R.

3    § 404.1520(a)(4)(v). If not, the claimant is disabled. *Id.*

4    **III.    ANALYSIS**

5          Plaintiff raises two issues for the Court's consideration. First, Plaintiff argues that

6    the ALJ failed to provide sufficient reasoning for rejecting two medical opinions. (Pl. Br.

7    at 12.) One opinion is from Plaintiff's examining physician, Dr. Keith Cunningham, and

8    the other is from his treating physician, Dr. J. Julian Grove. (*Id.* at 12–15.) Next, Plaintiff

9    argues that the ALJ erred by rejecting his symptom testimony. (*Id.* 15–17.)

10         The Court rejects Plaintiff's arguments and finds that substantial evidence supports

11    the ALJ's nondisability determination. The ALJ provided specific and legitimate reasons

12    for rejecting the opinions of Drs. Cunningham and Grove. The ALJ reasonably determined

13    that the opinions of both doctors were undermined by the objective medical evidence. (R.

14    at 484–85.) Further, the law of the case doctrine precludes the Court from considering

15    whether the ALJ erred by rejecting Plaintiff's symptom testimony.

16         **A.    The ALJ correctly rejected the opinions of Drs. Grove and Cunningham.**

17         On February 21, 2014, Dr. Cunningham examined Plaintiff and provided a

18    statement regarding Plaintiff's functional limitations. (*Id.* at 343–345, 347–49.) Dr.

19    Cunningham diagnosed Plaintiff with: chronic right ankle pain with history of prior trauma

20    and surgery; history of low back pain with good range of motion without radiculopathy;

21    right shoulder internal derangement with pain on range of motion; recent left wrist sprain;

22    and history of traumatic left eye injury with legal blindness. (*Id.* at 347.) Based on these

23    impairments, Dr. Cunningham opined that Plaintiff has several functional limitations,

24    which Plaintiff argues would preclude his performance of past relevant work. (Pl. Br. at

25    13.)

26         The ALJ rejected Dr. Cunningham's opinion for several reasons. The ALJ found

27    that Dr. Cunningham's opinion was inconsistent with the objective medical evidence and

28    examinations performed by other doctors. (R. at 484–85.) The ALJ also found that the

opined-to vision limitations were inconsistent with Plaintiff's long work-history. (*Id*. at 485.) Finally, the ALJ also discounted Dr. Cunningham's opinion because the opined-to reaching limitations were apparently based on a temporary left-wrist injury that did not last longer than twelve months. (*Id*. at 485.)

On January 11, 2019, Dr. Grove authored a letter to the ALJ regarding Plaintiff's functional limitations. (*Id*. at 729.) In his letter, Dr. Grove opined that a recent EMG "shows severe motor and sensory conduction abnormalities indicative of either a chemical, mechanical, or both peripheral neuropathy going down the legs of [Plaintiff]." (*Id*. at 729–30.) Dr. Grove further opined that "[t]his is a pretty unusual finding for an EMG and . . . it appears as though [Plaintiff] was exposed to a lot of different chemical solvents in his job in the 1980s. Simply speaking, this has resulted in a severe polyneuropathy with his comorbid lumbar radiculopathy that he has had long-term with previous lumbar spine surgery." (*Id*. at 729.)

Here, the ALJ rejected Dr. Grove's opinion for two reasons. First, the ALJ found that Dr. Grove did not treat Plaintiff during the period at issue. (*Id*. at 485.) Second, the ALJ found that Dr. Grove's opinion was inconsistent with the larger medical record. (*Id*.) Specifically, the ALJ noted that the record documented Plaintiff's normal strength, sensation, and full range of motion in the lumbar spine. (*Id*.) The ALJ also noted that there is no evidence of neuropathy before Plaintiff's date last insured. (*Id*.)

When evaluating medical opinion evidence, "[t]he ALJ must consider all medical opinion evidence," and there is a hierarchy among the sources of medical opinions. *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008). Those who have treated a claimant are treating physicians, those who examined but did not treat the claimant are examining physicians, and those who neither examined nor treated the claimant are nonexamining physicians. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). If a treating physician's opinion is not given controlling weight, then the ALJ must consider the relevant factors listed in 20 C.F.R. § 404.1527(c)(1)–(6) and determine the appropriate weight to give the opinion. *Orn*, 495 F.3d at 632. If a treating physician's opinion is contradicted by

another doctor's opinion, the ALJ cannot reject the treating physician's opinion unless he provides specific and legitimate reasons that are based on substantial evidence in the record." *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). Similarly, an examining physician's opinion is generally entitled to greater weight than the opinion of a nonexamining physician. *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990). An ALJ must provide clear and convincing reasons for rejecting the uncontradicted opinion of an examining physician. *Id.* "[T]he opinion of an examining doctor, even if contradicted by another doctor, can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record." *Lester*, 81 F.3d at 830–31.

The ALJ provided specific and legitimate reasons supported by substantial evidence for rejecting Dr. Cunningham's opinion. Substantial evidence supports the ALJ's determination that Dr. Cunningham's examination of Plaintiff revealed findings that were "rather benign," and consequently, inconsistent with the opined-to limitations. (R. at 485.) The ALJ reasonably determined that although Dr. Cunningham's examination reflects some limitations in Plaintiff's functioning, the exam does not support the opined-to magnitude of limitations. (*Id.* at 484–85.) For example, the ALJ identified that Plaintiff was able to work until age 62, which is inconsistent with the opined-to visual restrictions. (*Id.* at 485.) The ALJ also appropriately relied on mostly normal physical examination findings and Plaintiff's report to Dr. Cunningham that he was active and independent. (*Id.* at 484–85.) Plaintiff correctly identifies that the ALJ erroneously identified a recent left-wrist sprain as the source of the opined-to reaching limitations. (Pl. Br. at 13; *Id.* at 345, 485.) But this error was harmless because the ALJ identified other mostly normal findings that are inconsistent with Dr. Cunningham's opinion. *See Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006) (finding that harmless error principles apply when an error is inconsequential to the ultimate nondisability determination). Finally, though Plaintiff identifies some records that support Dr. Cunningham's opinion, the ALJ's interpretation of the evidence is a reasonable one, and thus, is entitled to deference. (Pl. Br. at 13–14.)

. . . .

Plaintiff also argues that the "ALJ used the same reasons to reject Dr. Cunningham's opinion that were [previously] found erroneous by this Court." (Pl. Br. at 14.) The Court disagrees. In Judge Logan's order evaluating the ALJ's first decision, Judge Logan found that "the ALJ does not identify specific, legitimate reasons for rejecting Dr. Cunningham's opinion based on substantial evidence in the record. Rather the ALJ vaguely references 'the evidence as a whole' in finding the doctor's opinion to be at odds with his examination." (R. at 532.) Consequently, Judge Logan found that "the ALJ was required to point to specific objective evidence in the record," to reject Dr. Cunningham's opinion. (*Id*.) Here, the ALJ identified specific evidence in the record that undermines Dr. Cunningham's opinion, so the ALJ's reasoning that Judge Logan found was inadequate is not present in this case. Accordingly, Judge Logan's reasoning for finding the ALJ's analysis inadequate is inapplicable.

Similarly, the ALJ provided specific and legitimate reasons supported by substantial evidence for rejecting Dr. Grove's opinion. Plaintiff correctly identifies that the ALJ erroneously concluded that Dr. Grove did not treat Plaintiff during the relevant period. (Pl. Br. at 14–15.) Nevertheless, this error was harmless since the ALJ appropriately rejected Dr. Grove's opinion based on its inconsistency with the objective medical evidence. (R. at 485.) This was a permissible basis for discounting medical opinion evidence. *See* 20 C.F.R. § 404.1527(c)(4). Here, the ALJ identified normal findings in the record that undermine Dr. Grove's opinion. (R. at 485.) Significantly, the ALJ noted that "[t]here is also no evidence showing that neuropathy was present prior to the date last insured." (*Id*.) Plaintiff argues that some records indicate Plaintiff experienced leg pain and weakness during the relevant period. (Pl. Br. at 15.) But none of these records indicate Plaintiff experienced neuropathy, which was the focus of Dr. Grove's opinion. (R. at 373, 391, 729.) Thus, the ALJ did not err by rejecting Dr. Grove's opinion based on its inconsistency with the objective medical evidence.

. . . .

. . . .

**B.**   **The law of the case precludes reexamination of whether Plaintiff's symptom testimony was properly rejected.**

The law of the case doctrine precludes courts from reexamining issues previously decided by the same court in the same litigation. *Hammond v. Berryhill*, 688 F. App'x 486, 488 (9th Cir. 2017). "[T]he law of the case doctrine . . . appl[ies] in the social security context." *Stacy v. Colvin*, 825 F.3d 563, 567 (9th Cir. 2016).

In this case, the law of the case doctrine precludes the Court from reconsidering whether the ALJ correctly rejected Plaintiff's symptom testimony. Judge Logan previously determined that the ALJ correctly rejected Plaintiff's symptom testimony. (R. at 534–35.) Plaintiff did not appeal Judge Logan's decision. Plaintiff's symptom testimony at both hearings related to the same period of time—July 31, 2013 through June 30, 2016. (*Id*. at 540–75; Doc. 9–2.) Plaintiff does not identify any significant differences between his testimony at either hearing that would render Judge Logan's analysis inapplicable. If Plaintiff's testimony regarding the same period had changed significantly, that would likely be reason to discount his allegations. Further, Plaintiff does not address Defendant's arguments regarding the law of the case at all. All these factors warrant giving Judge Logan's previous decision preclusive effect on this issue. *See Hammond*, 688 F. App'x at 488–89. Because the law of the case on this issue has already been determined, the Court is precluded from reconsidering whether the ALJ correctly analyzed Plaintiff's symptom testimony. *See Id*. at 488.

**IV.   CONCLUSION**

Substantial evidence supports the ALJ's nondisability determination. The ALJ reasonably discounted the opinions of Plaintiff's treating and examining physicians because of their inconsistency with the medical evidence. Further, the law of the case precludes the Court from reconsidering whether the ALJ correctly rejected Plaintiff's symptom testimony.

**IT IS THEREFORE ORDERED** affirming the decision of the Administrative Law Judge (R. at 472–94).

**IT IS FURTHER ORDERED** directing the Clerk of Court to enter judgment accordingly and close this matter.

Dated this 30th day of April, 2021.

Honorable Susan M. Brnovich
United States District Judge